IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No.  08-40-SLR |
| | : | |
| LAMOTTE STEVENSON, | : | |
| Defendant. | : | |

DEFENDANT'S MOTION TO SUPPRESS STATEMENTS

Defendant, Lamotte Stevenson, by and through his undersigned counsel, Eleni Kousoulis, hereby moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth and Fifth Amendments of the United States Constitution, for an Order suppressing the Government's use of any and all statements made by Defendant subsequent to his illegal seizure on or about February 10, 2008.

In support of this motion, the Defendant avers as follows:

1. By Indictment filed March 4, 2008, Defendant, Mr. Stevenson, was charged with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

2. The Indictment alleges that the firearm was a "Sig Sauer P220 .45 caliber handgun, serial no. G228549," and that the firearm was possessed by Defendant on or about February 10, 2008.

3. The government has provided defense counsel with a copy of a Wilmington Police report captioned, "Investigate Narrative."

4. The "Investigative Narrative" alleges as follows:

    a. that on February 10, 2008, Officers with the Wilmington Police Department observed a gold in color Buick Century traveling at a high rate of speed in the area of 6th and Clayton Streets;

    b. that the vehicle stopped at the emergency entrance of Frankford Hospital and that the driver of the vehicle, who was later identified as the Defendant, Lamotte Stevenson, was suffering from gunshot wounds to his abdomen and wrist;

  c. that the officers observed bullet holes in the driver side door of the vehicle;

  d. that the officers assisted Mr. Stevenson into the hospital so that he could receive treatment for his injuries;

  e. that after Mr. Stevenson was inside the hospital, officers secured the vehicle and upon doing so observed a handgun laying on the floor board of the vehicle;

  f. that Mr. Stevenson is prohibited from possessing a firearm due to a prior felony conviction, and he was subsequently arrested for being illegally in possession of the firearm found in the vehicle.

5. It is further alleged that Mr. Stevenson was questioned at the hospital and at the police station and that he made several statements to law enforcement officers.

6. Mr. Stevenson does not stipulate to the allegations reflected in the Investigative Narrative, but cites those allegations in support of a request for an evidentiary hearing.

7. Mr. Stevenson moves to suppress any statements made by him, on the grounds that he was arrested without probable cause or reasonable suspicion, in violation of the Fourth Amendment of the United States Constitution, thus making any statements made by Mr. Stevenson fruits of his unlawful seizure.

8. Mr. Stevenson also moves to suppress any statements made by him to police, on the ground that his statements were taken in violation of the Fifth Amendment and Miranda.

9. A seizure without a warrant or probable cause may only be conducted in the form of a brief investigatory stop, when the officer has reasonable suspicion that the individual is engaged in criminal activity. Couden v. Duffy, 446 F.3d 483, 494 (3d Cir. 2006) (citations omitted).

10. The Fourth Amendment prohibits unreasonable searches and seizures. It is well-settled law that searches and seizures conducted without a warrant are per se unreasonable, and will only be allowed, if they fall within a few well-delineated exceptions. United States v. Katz, 389 U.S. 347, 357 (1967).

11. In the present case, there was no reasonable suspicion or probable cause upon which to arrest Mr. Stevenson.

12. Because his seizure was illegal, all evidence seized from this illegal search, including

any statements made by Mr. Stevension, must be suppressed in accordance with the "fruit of the poisonous tree doctrine," as was expressed in Wong Sun v. United States, 371 U.S. 471 (1963).

13. Mr. Stevenson also moves to suppress any statements he allegedly made during, or subsequent to, his illegal seizure under the Fifth Amendment and Miranda. According to Jackson v. Denno, 378 U.S. 368, 380 (1964): "[a] defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually, and reliably determined." Once the defendant raises the issue regarding the admissibility of a statement the government bears the burden of establishing compliance with Miranda v. Arizona, 384 U.S. 436 (1966) and its progeny. See Miranda, 384 U.S. at 475.

14. It is a fundamental principle that a suspect subjected to custodial interrogation must be advised of his rights before making a statement. Miranda, 384 U.S. 436. If a statement is obtained, the government has a heavy burden of proving the suspect waived his rights knowingly, intelligently, and voluntarily. Id. at 444.

15. In the present case, there was no affirmative indication of understanding or voluntary waiver of the entire litany of constitutional rights. See Miranda, 384 U.S. at 473-74 (discussing that each right must be explained and attendant rights, such as the right to appointed counsel, must also be specifically explained and understood by the defendant). The government has provided no evidence that any waiver of rights made by Mr. Stevenson was a knowing, intelligent, or a voluntary waiver.

**WHEREFORE**, it is respectfully requested that an evidentiary hearing be scheduled, and that Defendant's Motion to Suppress Statements be GRANTED.

Respectfully submitted,

 /s/ Eleni Kousoulis
Eleni Kousoulis, Esquire
Assistant Federal Public Defender
One Customs House
704 King Street, Suite 110
Wilmington, DE  19801
ecf_de@msn.com

Attorney for Defendant Lamotte Stevenson

Dated: <u>May 12, 2008</u>

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 08-40-SLR |
| LAMOTTE STEVENSON, | : | |
| Defendant. | : | |

## **ORDER**

The Court having considered Defendant Stevenson's Motion to Suppress Evidence and Statements and good cause having been shown therefore;

IT IS HEREBY ORDERED this _____ day of _____, 2008, that any statements made by Mr. Stevenson to law enforcement officials on or about February 10, 2008, shall be suppressed.

_____
Honorable Sue L. Robinson
United States District Court