## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal Action No. 08-40-SLR |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| LAMOTT STEVENSON, a/k/a | : | |
| LAMONT STEVENSON | | |
| | : | |
| Defendant. | : | |

**<u>UNOPPOSED MOTION AND ORDER FOR SALIVA SAMPLES FOR DNA TESTING</u>**

COMES NOW, the United States, by and through its undersigned counsel, Colm F. Connolly, United States Attorney, Seth M. Beausang, Assistant United States Attorney, and respectfully moves this Court for an Order directing Defendant Lamott Stevenson to provide forthwith saliva samples through the use of two buccal swaps applied by ATF Special Agent Jason Kusheba, or his designee. In support of this motion, the United States avers as follows:

1. The Defendant was indicted by the Grand Jury for the District of Delaware on March 4, 2008, for possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

2. As set forth in the criminal complaint in this matter, on or about February 10, 2008, Wilmington Police Department Officers observed the Defendant exit the driver's side of a vehicle in which he was the sole occupant. It appeared that both the driver and passenger side windows had been broken, or shot out. The Officers then noticed, in plain view, a firearm on the floor of the driver's side of the vehicle. That firearm, a SIG SAUER P220 .45 caliber handgun, serial number G228549, is the subject of the aforementioned Indictment.

3. On or about April 2, 2008, the Government submitted the aforementioned firearm

for DNA Analysis. On or about April 28, 2008, the Government was informed that the firearm submitted contained a mixed sample of DNA, including DNA from a male subject, which is suitable for comparison purposes.

4. The laboratory further informed the Government that a sufficient DNA sample can be obtained from a saliva sample. According to the laboratory, in order to ensure a sufficient sample for scientific analysis, the saliva sample should be taken through the use of two buccal swabs applied to the inside of the Defendant's cheek and gum line. This method ensures that the necessary cells for comparison purposes are obtained. Simple expectoration into a container cannot ensure a sufficient sample.

5. If the DNA found on the firearm is consistent with that of the Defendant, it will provide additional relevant evidence linking the Defendant to this offense. Conversely, if the DNA found on the firearm is not consistent with that of the Defendant, it will provide potential exculpatory evidence.

6. The taking of a saliva sample implicates the Defendant's Fourth Amendment rights. Under the methodology set forth in <u>Schmerber v. California</u>, 384 U.S. 757 (1966), the Court may order an intrusion such as this if: (1) the ordinary Fourth Amendment probable cause requirements are met; and (2) the type of intrusive procedure and the manner in which it is to be performed are reasonable. <u>Id.</u> at 768-772; <u>United States v. Nicolosi</u>, 885 F. Supp. 50, 53 (E.D.N.Y. 1995).

7. The Supreme Court has suggested that a proper assessment of the reasonableness criteria must balance two factors: (1) the extent to which the procedure may threaten the safety or health of the individual and the extent of the intrusion upon the individual's dignitary interests in

personal privacy and bodily integrity; and (2) the community's interest in fairly and accurately determining guilt or innocence. See Winston v. Lee, 470 U.S. 753, 761-62 (1985); Nicolosi, 885 F. Supp. at 53. In Nicolosi, the district court concluded that the taking of saliva samples falls in the middle of the continuum of intrusions on individual dignitary interests between, on the one end, blood and other internal fluids which can be obtained by extracting them from the body and, on the other end, hair and handwriting, which are outwardly manifested in the public domain. See Nicolosi, 885 F. Supp. at 55.

8.     The Government respectfully submits that the Court should adopt this conclusion and find that the extent of the intrusion necessitated by a saliva swab is reasonable. The taking of a saliva sample by a buccal swab is less intrusive than a blood test, as performing a saliva swab does not require piercing of the skin, and may be conducted safely outside a hospital environment with a minimum of embarrassment or inconvenience. See Skinner v. Railway Labor Executives Assoc., 489 U.S. 602, 625 (1989) (comparing breath and blood tests). Moreover, providing a saliva sample is less of an intrusion upon the individual's dignitary interests than is a urine sample. Unlike the urine tests approved by the Supreme Court in Skinner, providing saliva does not require the subject to perform an excretory or other function "traditionally shielded by great privacy." See id. at 626. Although similar in some respects, providing saliva "is not viewed with the same disfavor nor concealed behind closed doors as urinating; consider the commonplace sight of athletes expectorating on national television on a daily basis." Nicolosi, 885 F. Supp. at 55.

9.     DNA testing has the capacity to greatly assist the fair and accurate determination of guilt or innocence in this matter. Balancing this against the relatively less intrusive nature of

the saliva swab procedure, the Government respectfully submits the Court should find the procedure reasonable, and grant the requested Order based upon the probable cause found by the Grand Jury. See Nicolosi, 885 F. Supp. at 56.

11.    The taking of saliva samples is non-testimonial in nature, and therefore would not violate the Defendant's Fifth Amendment rights. See Gilbert v. California, 388 U.S. 263, 266-67 (1967).

12.    The Government has conferred with counsel for the Defendant, Eleni Kousoulis, Esquire, who indicated that the Defendant does not oppose the relief requested by this Motion, but preferred that the Government obtain the requested relief by way of a formal Motion.

WHEREFORE, for the reasons set forth above, the United States respectfully requests an Order directing Lamott Stevenson to provide forthwith saliva samples through the use of two buccal swabs applied by ATF Special Agent Jason Kusheba, or his designee.

DATED:    May 12, 2008.

                        Respectfully Submitted,

                        COLM F. CONNOLLY
                        United States Attorney

                        By:    /s/ Seth M. Beausang
                        Seth M. Beausang (I.D. No. 4071)
                        Assistant United States Attorney
                        1007 Orange Street, Suit 700
                        Wilmington, DE 19801
                        (302) 573-6277

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal Action No. 08-40-SLR |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| LAMOTT STEVENSON, a/k/a | : | |
| LAMONT STEVENSON | : | |
| | : | |
| Defendant. | : | |

## ORDER

AND NOW, this _____ day of _____, 2008, it is hereby ORDERED that the Government's Unopposed Motion For Saliva Samples for DNA Testing is GRANTED.  The Defendant is directed to provide forthwith saliva samples through the use of two buccal swabs applied by ATF Special Agent Jason Kusheba, or his designee.

_____
THE HONORABLE SUE L. ROBINSON
UNITED STATES DISTRICT JUDGE