UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal Action No. 08-40-SLR |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| LAMOTTE STEVENSON, a/k/a | : | |
| LAMONT STEVENSON, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S POST-HEARING REPLY BRIEF IN
OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS STATEMENTS**

COMES NOW, Colm F. Connolly, United States Attorney, and Seth M. Beausang, Assistant United States Attorney, and replies to the Memorandum in Support of Defendant's Motion to Suppress Statements as follows:

1.   Defendant and the Government agree that the Defendant's pre-<u>Miranda</u>, custodial statements are not admissible. (Doc. No. 24 at 6.)

2.   Defendant no longer appears to challenge the fact that the Officers had probable cause when they arrested him.

3.   Defendant's sole contention appears to be that his post-<u>Miranda</u> statements are not admissible because the Officers questioned the Defendant for a short time – about matters unrelated to the felon-in-possession-of-a-firearm charges against the Defendant – prior to advising the Defendant of his <u>Miranda</u> rights.[1] As explained in the Government's Opening Brief,

---

[1] Although the Defendant does not appear to be contending that he was intimidated into waiving his <u>Miranda</u> rights, the Government notes that the Defendant's statement that he "remained handcuffed" for the entirety of his interviews with the police (Doc. No. 24 at 4), is not true. (<u>See</u> Doc. No. 23 at 6.)

and below, the fact that Officers questioned the Defendant before advising him of his Miranda rights does not affect the validity of the Defendant's subsequent Miranda waiver.  See Oregon v. Elstad, 470 U.S. 298 (1985).

4. The Defendant's argument that Missouri v. Seibert applies here is wrong.  Seibert applies where the police engage in a "strategy" to undermine Miranda by employing a "two-step" interrogation technique, in which the police first elicit a pre-Miranda confession in a manner that is "systematic, exhaustive, and managed with psychological skill," and then try to elicit the same admission after administering Miranda warnings.  Missouri v. Seibert, 542 U.S. 600, 616 (2004).  Here, the Officers did not use a "deliberate, two-step strategy," nor is the Government attempting to introduce "postwarning statements that are related to the substance of prewarning statements."  Seibert, 542 U.S. at 621.  Thus, Seibert does not apply.

5. The Defendant's claim that the Officers "only provided Miranda warnings after eliciting incriminating information against him" (Doc. No. 24 at 8), is wrong.  The Officers did not elicit *any* incriminating information from the Defendant during the pre-Miranda interviews.  The Defendant's only statement about the gun during the pre-Miranda interviews was to Officer Ciritella, in which the Defendant *flatly denied* ownership of the gun.  (See Doc. No. 23 at 4.)  The Defendant made that statement, not in response to questioning, but rather after Officer Ciritella told the Defendant that he wanted to question the Defendant about an unrelated matter for which the Defendant was not under arrest or a suspect (the murder involving Shannon Johnson).  The only incriminating information the Officers elicited from the Defendant was *after* they administered warnings, when the Defendant claimed his "mom" owned the gun, and that statement is only incriminating because it is not true.  Because the Government is not trying to

introduce "postwarning statements that are related to the substance of prewarning statements," Seibert does not apply.

6. The Defendant's suggestion that Seibert should apply because Officer Gifford questioned the Defendant about the shooting in which the Defendant was a victim (Doc. No. 24 at 8), is wrong because Officer Gifford did not ask the Defendant a single question about the gun before he advised the Defendant of his Miranda rights. Nor did the Defendant make any unwarned statements about the gun to Officer Gifford. Indeed, Officer Gifford went so far as to interrupt and Mirandize the Defendant when the Defendant tried to make an unwarned statement about the gun. (Doc. No. 23 at 7.) Under these circumstances, it cannot be said that Officer Gifford was trying to undermine Miranda. Thus, Seibert does not apply.

7. The Defendant's suggestion that Seibert applies because Officers Ciritella and Gifford questioned the Defendant about unrelated matters without advising the Defendant of his Miranda rights (Doc. No. 24 at 8-9), is wrong because the mere fact that the Officers questioned the Defendant before advising him of his Miranda rights does not by itself mean they engaged in strategy to undermine Miranda. If that were the law, then Elstad would never apply. Cf. United States v. Naranjo, 426 F.3d 221, 231 (3d Cir. 2005) ("Where the two-step interrogation was not deliberately employed as a tactic, Justice Kennedy believed that the analysis should still be governed by Elstad."). Because the Officers did not engage in a deliberate, two-step strategy to undermine Miranda, Seibert does not apply.

8. Finally, the Defendant's suggestion that the Elstad only applies when the intial conversation between the police and the defendant takes place in the defendant's home (Doc. No. 24 at 10), is wrong. The quote the Defendant pulls from the Third Circuit's Reinert opinion is

actually from the Seibert plurality opinion, which is not the law. In any event, as explained in the Government's Opening Brief, even under the Seibert plurality's multi-factor test, the Defendant's statements would still be admissible. (Doc. No. 23 at 18-20.)

9. This is not a case like Seibert in which a defendant confesses, is advised of his or her Miranda rights, and then confesses again after being confronted with the first confession. Here, the Defendant *refused* to speak about the gun before he was even advised of his rights. Then, *after* Officer Gifford advised the Defendant of his Miranda rights, the Defendant knowingly, intelligently, and voluntarily decided to give up those rights and claim that his mom owned the gun. Under the circumstances, the Defendant's post-Miranda statements should be admitted. The Government respectfully asks that the Court deny the Defendant's Motion to Suppress.

Dated: July 21, 2008.

    Respectfully submitted,

    COLM F. CONNOLLY
    United States Attorney

BY:    /s/ Seth M. Beausang
    Seth M. Beausang (De. I.D. No. 4071)
    Assistant United States Attorney
    1007 N. Orange Street, Suite 700
    P.O. Box 2046
    Wilmington, DE 19899-2046